**\*FOR PUBLICATION\***

```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. CROIX
             APPELLATE DIVISION
```

| | |
|---|---|
| **JESSICA BAPTISTE,** ) | |
| ) | **D.C. Civ. APP. NO. 2006/0035** |
| Appellant, ) | Re: Sup.Ct.Civ.No. 512/2002 |
| ) | |
| v. ) | |
| ) | |
| **HOVENSA, LLC,** ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

On Appeal from the Superior Court of the Virgin Islands

Considered: DECEMBER 19,2008
Filed: April 28, 2009

BEFORE:   **CURTIS V. GÓMEZ**, Chief Judge, U.S. District Court of
the Virgin Islands; **RAYMOND L. FINCH**, Judge of the U.S.
District Court of the Virgin Islands; and **BRENDA J.
HOLLAR**, Judge of the Superior Court of the Virgin
Islands, sitting by designation.

ATTORNEYS:

**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
        Attorney for Appellant,
**C. Beth Moss, Esq.**
St. Croix, U.S.V.I.
        Attorney for Appellee.

**Per Curiam.**

Baptiste v. HOVENSA LLC
D.C.Civ.App. No. 2006/0035
Memorandum Opinion
Page 2

## Memorandum Opinion

In this appeal, this Court is called upon to determine whether the Superior Court erred in computing the statute of limitations in a personal injury action.

## I. FACTUAL AND PROCEDURAL HISTORY

Appellant Jessica Baptiste ("Appellant" or "Baptiste") was employed with Jacobs Industrial Maintenance Inc., a Hovensa, LLC ("Hovensa") subcontractor working on the premises of the Hovensa oil refinery on St. Croix. On August 7, 2000, while working in this capacity, Baptiste was a passenger on a bus owned by Hovensa used to transport workers to and from job sites, when she allegedly fell and was injured. On Thursday, August 8, 2002, precisely two years and one day after the incident occurred, Baptiste filed a personal injury complaint against Hovensa in the Superior Court of the Virgin Islands.[1] In response, Hovensa filed a motion to dismiss or in the alternative for summary judgment on the grounds that Baptiste's claim was filed out of

---

[1] At all times relevant to the lower court's proceedings, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, where applicable, the Court employs the terms Superior Court and judge of the Superior Court.

*Baptiste v. HOVENSA LLC*
D.C.Civ.App. No. 2006/0035
Memorandum Opinion
Page 3

time.

　　Applying Superior Court Rule 9 and Federal Rule of Civil Procedure 6(a), the trial court held that the limitations period began to run on August 8, 2002, one day after the alleged injury accrued and expired on Wednesday, August 7, 2002, the two year anniversary date of the incident. The Superior Court granted Hovensa's summary judgment motion because Baptiste filed her complaint on August 8, 2002, one day after the statute of limitations expired.  This timely appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

　　This Court has jurisdiction to consider the judgments and orders of the Superior Court in criminal cases. 4 V.I.C. § 33 (2001); Section 23A of the Revised Organic Act of 1954.[2]  We exercise plenary review over an order denying summary judgment, and must "apply the same test that the lower court should have utilized." *Texaco Antilles Ltd. v. Creque*, 273 F. Supp. 2d 660, 662 (D.V.I. 2003).[3]

---

　　[2]  *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645, *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003)(preceding V.I. CODE ANN. tit. 1).

　　[3] A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Baptiste v. HOVENSA LLC*
D.C.Civ.App. No. 2006/0035
Memorandum Opinion
Page 4

## III.  DISCUSSION

Computation of time is governed by Superior Court Rule 9, which mirrors Federal Rule of Civil Procedure 6(a).[4]  Rule 9 was enacted in 1994 and provides in pertinent part:

**Computation of Time**

> In computing any period of time prescribed or allowed by these rules, *the day of the act, event or default from which the designated period of time begins to run shall not be included.* The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor holiday.

Super.Ct.R.9 (emphasis added).

The parties do not dispute that the two-year statute of

---

*Id.* Once the moving party properly supports its motion for summary judgment, the non-moving party must establish a genuine issue of material fact in order to preclude a grant of summary judgment. *Id.* The evidence and inferences drawn therefrom must be viewed in the light most favorable to the nonmovant. *Id.* "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.*

[4] At the time the trial court litigation commenced Fed. R. Civ. P. 6(a) provided in pertinent part that:

> In computing any period of time proscribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is on a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed. R. Civ. P. 6(a)(1994).

*Baptiste v. HOVENSA LLC*
D.C.Civ.App. No. 2006/0035
Memorandum Opinion
Page 5

limitations applies to Baptiste's personal injury action. Nor do

the parties dispute that the statute of limitations began to run

on August 8, 2000, the day after Baptiste's cause of action

accrued.  However, Baptiste argues that her complaint was timely

because, she had two years and one day from the date the action

accrued within which to file her personal injury complaint. (App.

Brief p. 9.)

In support of her position, Baptiste cites *Buskirk*.[5] In

that case the District Court considered a motion to dismiss a

personal injury claim that accrued on October 4, 1979. *Id.* at

249.  As in the present case, a two-year statute of limitations

applied. The *Burskirk* court found that the complaint which was

filed on October 5, 1981, two years and one day later, was

timely.

However, Baptiste's reliance on *Buskirk* is misplaced.

Indeed, its holding is directly at odds with the United States

Court of Appeals for the Third Circuit which has unequivocally

held that "the statute of limitations expires on the anniversary

date of the event, not the day following." *See Monkelis v. Mobay*

*Chemical*, 827 F.2d 937, 938 (3d Cir. 1987).

In *Monkelis*, a six-year statute of limitations applied to

the Plaintiff's claim under the Federal Employee Retirement

---

[5] *Buskirk v. Seiple*, 560 F. Supp. 247 (E.D. P.A. 1983).

*Baptiste v. HOVENSA LLC*
D.C.Civ.App. No. 2006/0035
Memorandum Opinion
Page 6

Income Security Act ("ERISA"). *Id.* The Plaintiff's term of
employment was terminated on April 11, 1980. *Id.* The Third
Circuit Court of Appeals concluded that the following day, April
12, 1980, was the first day of the limitations period and April
11, 1986, marked the six-year anniversary date of the event and
the expiration of the applicable statue of limitations. *Id.* at
938; *see also Barnes v. Fraley*, 1998 U.S. Dist. LEXIS 8817 (E.D.
Pa. June 4, 1998)(unpublished opinion).[6]

We are confronted with a similar situation in this case.
The limitations' "clock" started "ticking" on April 8, 2000, the
day after the alleged incident. *See* Fed. R. Civ. P. 6(a); *see
also Dickens v. Dover City Police Dep't*, 2007 U.S. Dist. LEXIS
48188, at * 14-15 (D. Del. June 29, 2007); *see also Smith v.
Kenny*, 16 V.I. 411, 412 (D.V.I. 1979).[7] Baptiste was, therefore,
required to file her claim no later than August 7, 2002, the
second anniversary of the accrual date. Baptiste filed her claim
on August 8, 2002, one day late. Baptiste claim is, thus barred

_____

[6] The *Buskirk* court's decision was directly criticized in *Barnes v.
Fraley*, 1998 US Dist. LEXIS 9917, at *2-6 (E.D. Pa. June 4, 1998), as contrary
to the Third Circuit's position in *Monkelis*. *Id.* The *Barnes* court flatly
opined that *Buskirk* was wrongly decided. *Id.* (holding that "an examination of
the dates in *Buskirk* reveals the Court of Appeals was correct [in *Monkelis* ]
and the analysis of the district court in *Buskirk* is flawed.")

[7] In applying Fed Rule Civ. P. 6(a), The Federal District Court of the
The Virgin Islands computed the two-year statute of limitations period from
June 11, 1977 which was the day following the incident giving rise to the
cause of action to June 10, 1979, the two-year anniversary of the incident and
the last day of the limitations period. *Smith v. Kenny*, 16 V.I. at 412.

*Baptiste v. HOVENSA LLC*
D.C.Civ.App. No. 2006/0035
Memorandum Opinion
Page 7

by the applicable statute of limitations. *See* V.I. Code Ann. tit.

5, § 31(5); *Monkelis*, 827 F.2d at 938.

## IV. CONCLUSION

We accordingly affirm the Superior Court's entry of summary

judgment in favor of Hovensa and against Ms. Baptiste. An order

consistent with this opinion shall follow.