*FOR PUBLICATION*

```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. CROIX
            APPELLATE DIVISION
```

JESSICA BAPTISTE,                )
                                 ) D.C. Civ. APP. NO. 2006/0035
        Appellant,          ) Re: Sup.Ct.Civ.No. 512/2002
                                 )
        v.                  )
                                 )
HOVENSA, LLC,                    )
                                 )
        Appellee.           )
                                 )

On Appeal from the Superior Court of the Virgin Islands

Considered: DECEMBER 19, 2008
Filed: April 28, 2009

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge, U.S. District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the U.S. District Court of the Virgin Islands; and **BRENDA J. HOLLAR**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    Attorney for Appellant,
**C. Beth Moss, Esq.**
St. Croix, U.S.V.I.
    Attorney for Appellee.

Per Curiam.

## Memorandum Opinion

In this appeal, this Court is called upon to determine whether the Superior Court erred in computing the statute of limitations in a personal injury action.

## I. FACTUAL AND PROCEDURAL HISTORY

Appellant Jessica Baptiste ("Appellant" or "Baptiste") was employed with Jacobs Industrial Maintenance Inc., a Hovensa, LLC ("Hovensa") subcontractor working on the premises of the Hovensa oil refinery on St. Croix. On August 7, 2000, while working in this capacity, Baptiste was a passenger on a bus owned by Hovensa used to transport workers to and from job sites, when she allegedly fell and was injured. On Thursday, August 8, 2002, precisely two years and one day after the incident occurred, Baptiste filed a personal injury complaint against Hovensa in the Superior Court of the Virgin Islands.[1] In response, Hovensa filed a motion to dismiss or in the alternative for summary judgment on the grounds that Baptiste's claim was filed out of

---

[1] At all times relevant to the lower court's proceedings, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. See Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, where applicable, the Court employs the terms Superior Court and judge of the Superior Court.

time.

Applying Superior Court Rule 9 and Federal Rule of Civil Procedure 6(a), the trial court held that the limitations period began to run on August 8, 2002, one day after the alleged injury accrued and expired on Wednesday, August 7, 2002, the two year anniversary date of the incident. The Superior Court granted Hovensa's summary judgment motion because Baptiste filed her complaint on August 8, 2002, one day after the statute of limitations expired. This timely appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to consider the judgments and orders of the Superior Court in criminal cases. 4 V.I.C. § 33 (2001); Section 23A of the Revised Organic Act of 1954.[2] We exercise plenary review over an order denying summary judgment, and must "apply the same test that the lower court should have utilized." *Texaco Antilles Ltd. v. Creque*, 273 F. Supp. 2d 660, 662 (D.V.I. 2003).[3]

---

[2] *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645, reprinted in V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003)(preceding V.I. CODE ANN. tit. 1).

[3] A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Baptiste v. HOVENSA LLC
D.C.Civ.App. No. 2006/0035
Memorandum Opinion
Page 4

## III. DISCUSSION

Computation of time is governed by Superior Court Rule 9, which mirrors Federal Rule of Civil Procedure 6(a).[4] Rule 9 was enacted in 1994 and provides in pertinent part:

**Computation of Time**

> In computing any period of time prescribed or allowed by these rules, *the day of the act, event or default from which the designated period of time begins to run shall not be included*. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor holiday.

Super.Ct.R.9 (emphasis added).

The parties do not dispute that the two-year statute of

---

*Id.* Once the moving party properly supports its motion for summary judgment, the non-moving party must establish a genuine issue of material fact in order to preclude a grant of summary judgment. *Id.* The evidence and inferences drawn therefrom must be viewed in the light most favorable to the nonmovant. *Id.* "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.*

[4] At the time the trial court litigation commenced Fed. R. Civ. P. 6(a) provided in pertinent part that:

> In computing any period of time proscribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is on a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed. R. Civ. P. 6(a)(1994).

limitations applies to Baptiste's personal injury action. Nor do the parties dispute that the statute of limitations began to run on August 8, 2000, the day after Baptiste's cause of action accrued. However, Baptiste argues that her complaint was timely because, she had two years and one day from the date the action accrued within which to file her personal injury complaint. (App. Brief p. 9.)

In support of her position, Baptiste cites *Buskirk*.[5] In that case the District Court considered a motion to dismiss a personal injury claim that accrued on October 4, 1979. *Id.* at 249. As in the present case, a two-year statute of limitations applied. The *Burskirk* court found that the complaint which was filed on October 5, 1981, two years and one day later, was timely.

However, Baptiste's reliance on *Buskirk* is misplaced. Indeed, its holding is directly at odds with the United States Court of Appeals for the Third Circuit which has unequivocally held that "the statute of limitations expires on the anniversary date of the event, not the day following." See *Monkelis v. Mobay Chemical*, 827 F.2d 937, 938 (3d Cir. 1987).

In *Monkelis*, a six-year statute of limitations applied to the Plaintiff's claim under the Federal Employee Retirement

---

[5] *Buskirk v. Seiple*, 560 F. Supp. 247 (E.D. P.A. 1983).

Income Security Act ("ERISA"). *Id.* The Plaintiff's term of employment was terminated on April 11, 1980. *Id.* The Third Circuit Court of Appeals concluded that the following day, April 12, 1980, was the first day of the limitations period and April 11, 1986, marked the six-year anniversary date of the event and the expiration of the applicable statue of limitations. *Id.* at 938; *see also Barnes v. Fraley*, 1998 U.S. Dist. LEXIS 8817 (E.D. Pa. June 4, 1998)(unpublished opinion).[6]

We are confronted with a similar situation in this case. The limitations' "clock" started "ticking" on April 8, 2000, the day after the alleged incident. *See* Fed. R. Civ. P. 6(a); *see also Dickens v. Dover City Police Dep't*, 2007 U.S. Dist. LEXIS 48188, at * 14-15 (D. Del. June 29, 2007); *see also Smith v. Kenny*, 16 V.I. 411, 412 (D.V.I. 1979).[7] Baptiste was, therefore, required to file her claim no later than August 7, 2002, the second anniversary of the accrual date. Baptiste filed her claim on August 8, 2002, one day late. Baptiste claim is, thus barred

---

[6] The *Buskirk* court's decision was directly criticized in *Barnes v. Fraley*, 1998 US Dist. LEXIS 9917, at *2-6 (E.D. Pa. June 4, 1998), as contrary to the Third Circuit's position in *Monkelis*. *Id.* The *Barnes* court flatly opined that *Buskirk* was wrongly decided. *Id.* (holding that "an examination of the dates in *Buskirk* reveals the Court of Appeals was correct [in *Monkelis* ] and the analysis of the district court in *Buskirk* is flawed.")

[7] In applying Fed Rule Civ. P. 6(a), The Federal District Court of the The Virgin Islands computed the two-year statute of limitations period from June 11, 1977 which was the day following the incident giving rise to the cause of action to June 10, 1979, the two-year anniversary of the incident and the last day of the limitations period. *Smith v. Kenny*, 16 V.I. at 412.

by the applicable statute of limitations. *See* V.I. Code Ann. tit. 5, § 31(5); *Monkelis*, 827 F.2d at 938.

## IV. CONCLUSION

We accordingly affirm the Superior Court's entry of summary judgment in favor of Hovensa and against Ms. Baptiste. An order consistent with this opinion shall follow.